## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-08-S-727-NE |
| | ) | |
| DANNY CARTER, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Plaintiff, Colony Insurance Company ("Colony"), filed this action seeking a declaratory judgment that Commercial General Liability Policy No. GL3212053, which it issued to defendant Graham Logging, Inc., did not provide coverage for the claims asserted by defendants Danny and Sonya Carter against Graham Logging, Inc., and defendants Steve A. Graham, Larry Graham, and Jimmy J. Graham, in an underlying lawsuit pending in state court.[1]  The case currently is before this court on

---

[1] *See* doc. no. 32 (Third Amended Complaint for Declaratory Relief).  Federal jurisdiction is based upon 28 U.S.C. §§ 1332 and 2201.  The requirements of § 1332, the diversity statute, are satisfied because plaintiff is a Virginia corporation with its principal place of business in the State of Virginia, all defendants are Alabama residents, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(1).  Furthermore, § 2201 provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

plaintiff's motion for summary judgment.[2]  Upon consideration of the motion, the evidentiary submissions, and the parties' briefs, the court concludes the motion is due to be granted, and judgment is due to be entered in plaintiff's favor.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).[3]  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.

> The mere existence of some factual dispute will not defeat

---

[2]Doc. no. 33.

[3]Rule 56 was recently amended in conjunction with a general overhaul of the Federal Rules of Civil Procedure.  The Advisory Committee was careful to note, however, that the changes "are intended to be *stylistic only*."  Adv. Comm. Notes to Fed. R. Civ. P. 56 (2007 Amends.) (emphasis supplied).  Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

summary judgment unless that factual dispute is material to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable [factfinder] to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (internal quotations and citation omitted).

## II. STATEMENT OF FACTS

The relevant facts are not in dispute.  On May 4, 2004, Colony Insurance Company ("Colony") issued Policy No. GL3212053("the Policy") to Graham Logging, Inc.[4]  The Policy had a coverage period from April 7, 2004 to April 7, 2005, and it included Commercial General Liability Coverage and Commercial Property Coverage.[5]  The Policy provided the following coverage for bodily injury and property damage:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.[6]

---

[4]*See* doc. no. 35 (plaintiff's evidentiary submission), Exhibit 1 (Affidavit of Linda Hinckle), at Exhibit A (Copy of Policy No. GL3212053).

[5]*Id.* at page 1.

[6]*Id.* at page 26, § I(1)(a).

-3-

Certain exclusions to coverage applied, as follows:

This insurance does not apply to:

**a.      Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.      Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)      That the insured would have in the absence of the contract or agreement; or

(2)      Assumed in a contract or agreement that is an "insured contract,"[7] provided the "bodily injury" or property

---

[7]An "insured contract" is

a.      A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.      A sidetrack agreement;

c.      Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.      An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.      An elevator maintenance agreement.

damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

. . . .

**d.     Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.[8]

Coverage under the Policy also did not apply to:

**e.     Employer's Liability**

"Bodily injury" to:

(1)     An "employee" or "temporary worker" of any insured arising out of and in the course of:

(a)     Employment by any insured; or

---

*Id.* at page 42 (Endorsement CG 21 39 10 93).

[8]*Id.* at page 27, §§ I(2)(a), (b) & (d).

(b)    Performing duties related to the conduct of any insured's business; or

(2)    A fellow "employee" or "temporary worker" of any insured arising out of and in the course of such employment when the insured is an "executive officer" of such employer; or

(3)    The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)    Whether an insured may be liable as an employer or in any other capacity;

(2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury; or

(3)    To any liability assumed under any contract or agreement.[9]

A "temporary worker" was defined as

any person who is:

a.    furnished to you to substitute for a permanent "employee";

b.    a short-term worker; or

c.    not an "employee" or volunteer worker."[10]

The Policy also provided the following coverage for medical expenses:

We will pay medical expenses as described below for "bodily

---

[9]*Id.* at page 15 (Endorsement U008CP-0702) (modifying Section I, Coverages, Coverage A, Bodily Injury And Property Damage Liability, § 2(e)).

[10]*Id.* at page 16.

injury" caused by an accident:

>   (1)    On premises you own or rent;
>
>   (2)    On ways next to premises you own or rent; or
>
>   (3)    Because of your operations;

provided that:

>   (1)    The accident takes place in the "coverage" territory and during the policy period;
>
>   (2)    The expenses are incurred and reported to us within one year of the date of the accident; and
>
>   (3)    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.[11]

However, Colony

will not pay expenses for "bodily injury":

### a.    Any Insured

To any insured, except "volunteer workers."

### b.    Hired Person

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

. . . .

### d.    Workers Compensation And Similar Laws

---

[11]*Id.* at page 32 (COVERAGE C MEDICAL PAYMENTS, § 1(a)).

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.[12]

The Policy also contained the following pertinent provisions with regard to who was considered to be an insured under the Policy:

**SECTION II – WHO IS AN INSURED**

1.      If you are designated in the Declarations as:

     . . . .

         d.      An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

     . . . .

2.      Each of the following is also an insured:

         a.      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

---

[12]*Id.* at page 32 (COVERAGE C MEDICAL PAYMENTS, §§ 2(a), (b), & (d)).

     (1)     "Bodily injury" or "personal and advertising injury":

          (a)    To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business; [or]

          (b)    To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above[.][13]

Defendants Danny Carter and Sonya Carter, a husband and wife, reside in Cullman County, Alabama. They are the plaintiffs in the civil action *Carter v. Graham Logging, Inc.,* No. CV06-619, currently pending in the Circuit Court of Morgan County, Alabama (the "state court case").[14] The Carters named the following defendants in the state court case: Graham Logging, Inc.; Steve A. Graham; Larry Graham; and Jimmy J. Graham. The Carters' Fourth Amended Complaint in the state court case states the following causes of action: (1) recovery of workers' compensation benefits from Graham Logging (Count One); (2) third-party liability,

---

[13]*Id.* at page 34, §§ 1(d), 2(a) & (b).

[14]Doc. no. 45 (supplemental evidentiary submission by defendants Danny and Sony Carter), at Exhibit 2 (Fourth Amendment to the Complaint in *Carter v. Graham Logging, Inc.,* Civil Action No. CV06-619 in the Circuit Court of Morgan County, Alabama) (otherwise referred to as the "state court complaint").

or "co-employee" claims, against Steve A. Graham, Larry Graham, and Jimmy J. Graham (Count Two); (3) loss of consortium by Sonya Carter against all defendants (Count Three); (4) negligence and wantonness against Graham Logging, under an independent contractor theory (Count Four); and (5) breach of contract/third-party beneficiary against Graham Logging. All of the Carters' claims arise out of injuries Danny Carter allegedly received on August 16, 2004, while acting within the line and scope of his employment with Graham Logging. The Carters seek workers' compensation benefits for Danny Carter, compensatory damages, and punitive damages.[15]

Steve A. Graham, Larry Graham, and Jimmy J. Graham all have filed for individual bankruptcy protection in the United States Bankruptcy Court for the Northern District of Alabama. The Bankruptcy Court allowed the Carters relief from the automatic stay imposed by 11 U.S.C. § 362, in order to pursue their claims against the Grahams in the state court case, "to the extent of available liability insurance coverage."[16] Each of the individual Graham defendants has now received a discharge in bankruptcy.[17]

When Graham Logging received the Carters' complaint in the underlying

---

[15]State court complaint, at Counts One through Five.

[16]*See* plaintiff's evidentiary submission, at Exhibits 3-5.

[17]*Id.* at Exhibits 6-8.

litigation, it forwarded the complaint to Colony and demanded a defense and indemnity for the Carters' claims.[18]  Colony is providing a defense to Graham Logging, Steve A. Graham, Larry Graham, and Jimmy Graham in the state court case under a reservation of rights.[19]  Colony contends that there is no coverage under the Policy for any of the claims asserted by the Carters in the state court case.

## III.  DISCUSSION

### A.    Non-participation by Graham Logging, Steve A. Graham, Larry Graham, and Jimmy J. Graham

The only defendants who have actively participated in this declaratory judgment action are Danny and Sonya Carter.  Only those two defendants filed responses to plaintiff's motion for summary judgment.  The court is cognizant that it should not grant summary judgment by default against the remaining defendants.  *See Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035 (11th Cir. 2004).  Instead, as the Eleventh Circuit has pointed out, Federal Rule of Civil Procedure 56(e) provides "that where 'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.'" *Id.* at 1039 (emphasis in original).  The court accordingly will evaluate whether summary

---

[18]Hinckle Affidavit, at ¶ 4.

[19]*Id.* at ¶ 5.

judgment should be entered against Steve A. Graham, Larry Graham, and Jimmy J. Graham, based upon the record as a whole.

Graham Logging, Inc., on the other hand, never even filed an answer to plaintiff's complaint through counsel. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) (holding that a corporation may not appear *pro se* in federal court). Accordingly, on September 23, 2008, this court entered default judgment against Graham Logging for the declaratory relief requested in plaintiff's complaint. It was ordered, adjudged, decreed, and declared that Commercial General Liability Policy No. GL3212053 provided no coverage requiring plaintiff to defend and/or indemnify Graham Logging from the claims asserted against it by Danny and Sonya Carter in the state court case.[20] As Counts One, Four, and Five of the state court complaint were asserted only against Graham Logging, there is no need for further analysis on the subject of whether there is any coverage for those claims under the Policy. Thus, a controversy only remains with regard to Counts Two and Three.

In any event, the Carters have conceded that there is no coverage under the Policy for the worker's compensation claims asserted in Count One of their state court complaint,[21] and for that reason, plaintiff later moved to withdraw its motion for

---

[20]Doc. no. 19.

[21]Doc. no. 40 (brief of Danny and Sonya Carter), at 4 ("[T]he Carters concede that the Colony Insurance Company policy does not provide coverage for Danny Carter's worker's compensation claim.").

summary judgment as to Count One of the underlying litigation.[22]

## B.    Count Two of the State Court Complaint

In Count Two of their state court complaint, the Carters allege the following:

9.    On or about August 16, 2004, plaintiff Danny Carter operated a skidder owned by defendant Graham Logging, Inc.

10.    Plaintiffs allege that Steve A. Graham, Larry Graham, and Jimmy J. Graham, had the responsibility and duty to provide plaintiff Danny Carter with safe tools, safe equipment and safe machinery.

11.    Defendants Steve A. Graham, Larry Graham, and Jimmy J. Graham negligently, wantonly and/or willfully failed to provide safe tools, equipment and machinery and failed to install and/or maintain and/or repair safety devices on the skidder which plaintiff Danny Carter was operating, namely;

    (a)    The parking brake
    (b)    Rubber seal for fuel cap
    (c)    Winch cable
    (d)    Fire extinguisher
    (e)    Battery security brackets.

12.    Plaintiffs allege that defendants Steve A. Graham, Larry Graham and Jimmy J. Graham negligently, wantonly, willfully, intentionally or wrongfully caused and/or allowed the safety devices to be removed from the skidder (including the removal and/or failure to provide a fire extinguisher for said skidder as well as the failure to replace and repair the safety devices on the John Deere Skidder).

13.    Plaintiffs allege that defendants Steve A. Graham, Larry Graham and Jimmy J. Graham knew that the skidder which plaintiff was operating was not in a safe and operable condition.  Defendants Steve

---

[22]Doc. no. 46.  Plaintiff states that the parties to the state court case have settled the claims asserted in Count One.

A. Graham, Larry Graham and Jimmy J. Graham required plaintiff Danny Carter to operate said machine, with knowledge that working with and operating the skidder was in violation of a specific written safety rule and that plaintiff Danny Carter was at great risk of injury if allowed to operate the skidder.

14.     Defendants Steve A. Graham, Larry Graham and Jimmy J. Graham breached their duty owed to Danny Carter, thus proximately causing Carter's injuries.  Furthermore, the defendants' conduct is in violation of *Alabama Code* § 25-5-11.

15.     As a proximate cause and result of defendants Steve A. Graham, Lary Graham and Jimmy J. Graham's conduct, plaintiff Danny Carter was severely burned and permanently injured to his body as a whole when the skidder overturned and caught fire.  Plaintiff Sonya Carter lost the services and consortium of her husband.

WHEREFORE, the plaintiffs claim that defendants Steve A. Graham, Larry Graham and Jimmy J. Graham are jointly, separately, and severally liable as a result of the combining and concurring wrongful conduct.  The plaintiffs request compensatory and punitive damages as allowed under Alabama law in an amount to be determined by a jury.[23]

Plaintiff argues that the Policy did not provide coverage for this claim because the named defendants to the claim — Steve A. Graham, Larry Graham, and Jimmy J. Graham — are not "insureds" under the Policy. That point is significant, because only an "insured" was entitled to coverage under the Policy.[24]  The Policy defined the term "insured" to include "'executive officers' and directors" of an "organization

---

[23]State Court Complaint, at ¶¶ 9-15.

[24]*See* Policy, at page 26, § I(1)(a) ("We will pay those sums that *the insured* becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend *the insured* against any 'suit' seeking those damages.") (emphasis supplied).

-14-

other than a partnership, joint venture or limited liability company," "but only with respect to their duties as . . . officers or directors."[25]  An "employee" (other than an executive officer) could also be an "insured" with regard to "acts within the scope of their employment by [the company] or while performing duties related to the conduct of [the company's] business."  However, such an "employee" was *not* an "insured" with regard to claims for bodily injury to a co-employee, or to the spouse of a co-employee.[26]

Plaintiff characterizes Count Two of the state court complaint as a co-employee claim, not a claim against the Grahams as executive officers and/or directors.  Thus, according to plaintiff, there is no coverage for the claim because an employee cannot be an "insured" on claims for bodily injury to a co-employee.  The Carters do not contest the characterization of Count Two as a claim against the Grahams as co-employees.[27]  Because Count Two encompasses only claims against the Grahams as co-employees, and *not* as executive officers or directors, then the Grahams were not "insureds" under the Policy, and the Policy did not provide any coverage for the claims asserted in Count Two.

Contrary to the Carters' assertion, the Alabama Supreme Court's decision in

---

[25]Policy, at page 34, § 1(d).

[26]*Id.* at page 34, §§ 2(a) & (b).

[27]*See* doc. no. 40 (Carters' brief), at 4-6 (discussing Count Two as a co-employee claim).

*United States Fire Insurance Co. v. McCormick,* 243 So. 2d 367 (Ala. 1970), does not

support a different conclusion.  In *McCormick,* the Court considered whether there

was insurance coverage for an injured employee's claims against his employer

company and the company's president, vice-president, and foreman. *Id.* at 369.  The

relevant insurance policy defined an "insured" as including the company, as well as

"any executive officer, director or stockholder thereof while acting within the scope

of his duties as such." *Id.* at 370.  The Alabama Supreme Court held that each of the

individual defendants — the company president, vice-president, and foreman — fell

under the policy definition of an "insured" and each was therefore entitled to

coverage.  *Id.* at 373.  At first glance, the *McCormick* decision would seem to

mandate a finding that coverage extends to Steve A. Graham, Larry Graham, and

Jimmy J. Graham in the instant case.  Upon closer examination, however, it is clear

that *McCormick* is distinguishable from the present case.   The complaint in

*McCormick* stated that the negligence claims against the individual defendants were

"in their supervisory capacity as executive [officers]." *Id.* at 371.  As such, each of

the defendants was an "insured" as defined in the policy.  In the present case, in

contrast, Count Two is asserted against the Grahams as co-employees, not as officers

or directors.  As employees are not "insureds" under the Policy for claims of bodily

injury to co-employees, the Grahams do not qualify as "insureds," and there is no

coverage under the Policy for the claims asserted against them in Count Two.

## C.    Count Three of the State Court Complaint

Count Three of the Carters' state court complaint states a derivative claim: that is, Sonya Carter alleges that Graham Logging, Steve A. Graham, Larry Graham, and Jimmy J. Graham caused her husband Danny's injuries, thereby causing her "to lose the services and consortium of her husband."[28]

To the extent Colony requests a declaration with regard to the claim against Graham Logging, there is no need for further analysis. The court has already ordered, adjudged, decreed, and declared that there was no coverage under the Policy for any of the claims asserted by the Carters against Graham Logging.

With regard to the derivative, loss of consortium claim against Steve A. Graham, Larry Graham, and Jimmy Graham, Colony argues that there was no coverage for all the same reasons there was no coverage for the primary, co-employee claims asserted in Count Two. The court agrees. The Policy stated that employees are not "insureds" for claims asserted by the spouse of a co-employee who received bodily injury as a result of the employee's actions. Because the Grahams allegedly injured Mr. Carter while acting as his co-employees, the Grahams are not "insureds" with regard to the loss of consortium claim asserted in Count Three, and the Policy

---

[28]State Court Complaint, at ¶ 18.

did not provide any coverage for that claim.

## IV. CONCLUSION

In summary, plaintiff's motion to withdraw its motion for summary judgment with regard to Count One of the underlying state court complaint is due to be granted. Plaintiff's complaint for a declaratory judgment will be dismissed as moot insofar as it addresses the claims asserted in Count One.  Furthermore, because Policy No. GL3212053 did not provide coverage for any of the remaining claims asserted by Danny and Sonya Carter against Graham Logging, Steve A. Graham, Larry Graham, and Jimmy J. Graham, in Counts Two, Three, Four, and Five of the underlying state court lawsuit, plaintiff's motion for summary judgment is due to be granted with regard to those claims.  An appropriate judgment will be entered contemporaneously herewith.

DONE this 13th day of October, 2009.

_____
United States District Judge